Barnard, P. J.
The issue between the parties embraced not only the don-tract, but its execution. The plaintiffs were doing other work for the defendants when it was prepared to extend it so as to heat certain premises by means of the engine and boilers in the basement of the buildings. The .agreement was not in writing, and, in general terms, was to the effect that the •defendants were to pay the cost price, with fifteen per cent added for profit. The only question as to the contract was whether the terms cost included the usual charge for labor. The evidence was conflicting. Blake, who made the ■contracts for plaintiffs, states that the terms cost only included the cost price ■of the material. That there was a regular price for labor, which all charge, ■and this regular price was to enter into the sum total to arrive at the cost. Leggett, on the part of the defendants, says that the cost was to be the cost of the job, including the actual cost of the labor as well as the material. An ¡appellate court cannot interfere with a referee’e finding upon this evidence. The contract must be assumed to be as plaintiff states it, for that is the finding. The next issue was whether the contract was performed. The heating was to be done by the use of exhaust, and have steam from the boilers and engines. Both Leggett and Blake agree on this, and these are tire persons who would, from their several positions, be most likely to know the truth on each side of the issue, if there was a difference. The work did not. completely answer the purpose. Here, again, there is an issue made as to the reason of the failure. The plaintiffs give evidence tending to show that the defendants prevented ¡success by refusing to permit more than six radiators, with knowledge that six was not probably enough to fill the expectations of the defendants from the work ordered. Both Leggett, one of the defendants and Blake, the plaintiffs’ foreman, agree that the defendants limited the number of radiators to six and that Blake said he was afraid they would not be enough, and the defendants still adhered to the limit, with the remark that they “ would put in more,” if necessary, afterwards. The items of the hill are proven with great particularity, to be applicable to the work in question.
The defendants gave the plaintiff’s bill to the expert, who found the items ■correct in a full examination of the work, except §3.80 for a valve and *929 an angle, and that the bill was “substantially correct” as to materials and labor.
The relief pipe was put in by plaintiffs. It was addressed to increasing the circulation of steam so as to give more heat with six radiators. The defendants ordered the work as testified to by Blake, and Leggett states that the plaintiffs refused to make more changes except at the expense of the defendants. The evidence establishes that the work was well planned and properly constructed. This is fully proven by the fact that the same has been used as the plaintiffs made it, and the only change now is that two smaller radiators have been substituted in the place of two put in by plaintiffs under this contract.
The judgment should, therefore, be affirmed, with costs.
Pratt and Dykman, JJ., concur.